**FILED**

NOV 2 6 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AT SAN ANTONIO

| | |
|---|---|
| CLAUDE C. HABY and<br>LINDA E. HABY,<br>    Plaintiffs, | §<br>§<br>§ |
| | § |
| V. | §  Case No. _____<br>§ |
| | § |
| DAVID KAUTTER, ANUBHAV<br>BAGGA, MICHAEL RODRIGUEZ,<br>CHRISTOPHER FLETCHER,<br>JAMES ASHTON, and<br>4 OR 5 UNKNOWN AGENTS<br>OF THE INTERNAL REVENUE<br>SERVICE,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

SA18CA1221 DAE

---

## COMPLAINT IN THE FORM OF A BIVENS ACTION

---

The Fourth Amendment provides that:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated…"

Claude C. Haby and his wife Linda, are the plaintiffs in the above-captioned action, who allege as follows:

### JURISDICTION

1.      This is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

2.      The Court has jurisdiction over this action pursuant to U. S. Const. Art. VI, 28 U.S.C. §§ 1331 and 220, 28 U. S. C. §3201, 26 U.S.C. §6323 and Texas Civil Practice & Remedies Code Chapter 110.

## PARTIES

3.    Claude C.  and Linda E. Haby  (Plaintiffs) are a free man and woman with unalienable Rights who are domiciled c/o P. O. Box 413, Leakey, Texas.

4.    David Kautter is IRS Commissioner and the other Defendants are federal agents.

## FACTS

5.    Both Anaubhav Bagga and Michael Rodriguez have seized, without warrant, $18,365.56 in funds from Haby's bank accounts[1].

6.    Christopher Fletcher and his Group Manager James Ashton, have been harassing plaintiffs for several years.

7.    Fletcher and Ashton are not enforcement officers and have no authority to harass or seize property.

8.    The Congress of the United States, on April 2, 1992 adopted the International Covenant on Civil and Political Rights, 138 Cong. Rec. S4781-01.

9.    In Article 1 of the International Covenant on Civil and Political Rights, at paragraph 2, it is stated: "All peoples may, for their own ends, freely dispose of their natural wealth and resources without prejudice to any obligations arising out of international economic co-operation, based upon the principal of mutual benefit, and international law."

10.    The Declaration of Independence tells us that our Creator bestowed unalienable Rights on us, among them, the Right to own property.

11.    Both the Covenant of International rights and the Declaration of Independence enumerate our unalienable Rights.

12.    In other words, we cannot be compelled or forced to contribute to the social, economic and cultural development of the United States or any other state.

13.    Anyone who forces us to contribute to the social, economic and cultural development of the United States is committing a violation of the Law of Nations,

---

[1] Exhibit 1 – Notices of Levys

one of the four crimes that are enumerated in the Constitution of the United States of America, enacted September 17, 1787.

14.     Christopher Fletcher and James Ashton have recently noticed plaintiffs that the federal agents have, on October 30, 2018, executed a Levy against property owned by the plaintiffs.

15.     Plaintiffs received a Notice of Seizure of property described as: "Right title and interest to 380.795 acres of unimproved real property described in the deed located in Vol 730 Page 294 of the Deed Records of Bandera County, Texas.

More commonly known as Property ID Numbers 163244, 163245, 163246, 163247 and 163249 of the Bandera Central Appraisal District and by the addresses 4599 FM 187 Vanderpool, TX and 46943 FM 187 Vanderpool, TX..

16.     The Levy and Notice of Seizure[2] were not accompanied with a Warrant or Court Order of any kind.

17.     Bagga, Rodriguez, Fletcher, Ashton and the other unknown federal agents have executed without judicial court orders and without a warrant supported by an affidavit of probable cause, a seizure of property, in violation of the 4th Amendment to the Constitution of the United States of America.

## FIRST CAUSE OF ACTION

18.     The federal agents, known and unknown, violated plaintiff's rights under the Fourth Amendment.

19.     One of the protections afforded plaintiffs under the Fourth Amendment is an independent limitation upon the exercise of federal power.

20.     No magistrate nor judge issued a Search and Seizure Warrant supported by descriptions of persons or property to be searched or seized, nor an affidavit of probable cause.

21.     In point of fact, there was no due process of any kind.

22.     Plaintiffs had committed no crime.

---

[2] Exhibit 2 – Levy and Notice of Seizure, attached hereto and incorporated herein.

23.    Defendants seized property belonging to Plaintiffs without due process and in violation of the 4th Amendment and the Constitution of the United States of America.

## SECOND CAUSE OF ACTION

24.    Anubhav Bagga, Michael Rodriguez, Christopher Fletcher, James Ashton and the other unknown federal agents who abetted them knew or should have known that no official, be it federal or state, can summarily enforce a search and seizure warrant unless it is supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

25.    Anubhav Bagga, Michael Rodriguez, Christopher Fletcher, James Ashton and the other unknown federal agents who aided and abetted them knew or should have known that in the absence of a court order or valid warrant there exists no basis for a federal search and seizure.

26.    Anubhav Bagga, Michael Rodriguez, Christopher Fletcher, James Ashton and the other unknown federal agents who accompanied them did not abide by the independent limitation upon the exercise of federal power, in clear violation of the Fourth Amendment and the Constitution of the United States of America..

## THIRD CAUSE OF ACTION

27.    Anubhav Bagga, Michael Rodriguez, Christopher Fletcher, James Ashton and the other unknown federal agents who accompanied them have terrorized and financially endangered the Habys, in clear violation of the protections afforded by the Fourth Amendment and the Constitution of the United States of America.

28.    When federal agents seized the resources and property  of plaintiffs they were flexing their federal might.

29.    The Habys could find no court or administrative agency who would or could offer them a remedy.

30.    Their entreaties fell on deaf ears.

4

31.     The mere invocation of federal power by a federal law enforcement official will normally render futile any attempt at redress of grievance.

32.     The situation is even worse because at the mere mention of the IRS all doors are slammed shut, as though there was a special law allowing unlawful seizure by the agents in the IRS.

33.     A claim of authority to enter is likely to unlock the door as well. *See Weeks v. United States*, 232 U.S. 383, 386 (1914)

## FOURTH CAUSE OF ACTION

34.     Anubhav Bagga, Michael Rodriguez, Christopher Fletcher, James Ashton and the other unknown federal agents who aided and abetted them, in violation of the Fourth Amendment, conspired to violate plaintiffs' right to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures.

35.     The unnecessary force applied, the humiliation , the ultimatum given to plaintiffs to bend to the agents' federal force and will are in violation of plaintiff's Fourth Amendment rights, the Declaration of Independence and the Constitution of the United States of America.

## FIFTH CAUSE OF ACTION

36.     Plaintiffs are in possession of documents from the U. S. Tax Court[3] which show that no Notices of Deficiency were ever sent to plaintiffs, thus invoking 26 U.S.C. §6213.

37.     No assessment of a deficiency in respect to any tax imposed by subtitle A, B, chapter 41, 42, 43 or 44 and no levy or proceeding in court for its collection

---

[3] Exhibit 3 – Motion to dismiss and order from U. S. Tax Court, attached hereto and incorporated herein.

shall be **made, begun, or prosecuted** until such notice has been mailed to taxpayer.

The making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the property court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection.

38.    Defendants could not levy any of plaintiffs' property because no Notice of Deficiency was ever sent to plaintiffs.

39.    The unlawful taking of plaintiff's property has caused plaintiffs injury and was without authority of any kind.

40.    Plaintiffs are entitled, as part of this action, to recover all property taken by federal agents because no notice was sent to plaintiffs.

## SIXTH CAUSE OF ACTION

41.    The U. S. Supreme Court, in an opinion by Brennan, J., held that a violation of the Fourth Amendment's command against unreasonable searches and seizures, by a federal agent acting under color of federal authority, gave rise to a federal cause of action for damages consequent upon the agent's unconstitutional conduct.

42.    This court has the power to award damages for violation of constitutionally protected interests, and the traditional judicial remedy of damages is appropriate to vindicate the personal interests protected by the Fourth Amendment.

43.    David Kautter, Anubhav Bagga, Michael Rodriguez, Christopher Fletcher, James Ashton and the other unknown federal agents who aided and abetted them in composing and filing the Levys and Notices of Seizure knew or should have known they were engaged in unlawful search and seizure.

44.    Plaintiffs ask that they recover damages from each and every one of them in the amount of $100,000.

## SEVENTH CAUSE OF ACTION

45.   At least 3 or 4 of the unnamed John Does were engaged in the covert taking of plaintiffs' property.

46.   The agents were engaged in falsifying Notice of Liens, Notice of Levys or other administrative process in preparation for the taking of plaintiffs' property.

47.   Any and all agents who were not named but facilitated the taking of plaintiffs' property engaged in 4th Amendment violations.

## EIGHTH CAUSE OF ACTION

48.   Violations of federal laws, constitution and treaties governing taxes were committed by the federal agents.

49.   The Notices of Federal Tax Lien naming Plaintiffs which are filed in public record are falsified and based on Substitute for Return information.

50.   The use of SFR's has been banned as a basis for assessments leading to Notices of Federal Tax Liens.

51.   The IRS regulations concerning seizure or levy for income taxes were not followed in this instance.

52.   Plaintiffs' Rights under the Constitution and international treaties have been violated.

53.   In the absence of a Search and Seizure Warrant describing the persons or places to be searched and describing the items to be seized, it is very difficult to cite the government statutes that prohibit them.

54.   In the absence of a judicial order creating a judgment, no Levy or Notice of Seizure could be issued, executed or filed in public record.

55.   Further, in the absence of a warrant for search and seizure, or judicial order, it is difficult to determine the modus operandi behind the taking of plaintiffs' property.

56.   If the IRS seizure was for 26 USC subtitle A or B taxes, the IRS agents are restricted from the actions taken against the plaintiffs by 26 U.S.C. §§6212 and 6213 respectfully Notice of Deficiency and Restrictions applicable to deficiencies.

<u>26 U.S.C. §6212 Notice of Deficiency</u>

(a) In general

If the <u>Secretary</u> determines that there is a <u>deficiency</u> in respect of any tax imposed by subtitles A or B or chapter 41, 42, 43, or 44 he is authorized to send notice of such <u>deficiency</u> to the taxpayer by certified mail or registered mail. Such notice shall include a notice to the taxpayer of the taxpayer's right to contact a local office of the taxpayer advocate and the location and phone number of the appropriate office

<u>26 U.S.C. §6213 Restrictions applicable to deficiencies</u>

(a) Time for filing petition and restriction on assessment
Within 90 days, or 150 days if the notice is addressed to a <u>person</u> outside the <u>United States</u>, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.

57.     Plaintiffs have never received a Notice of Deficiency from the Secretary or Commissioner of Internal Revenue, and until and unless they have, no collection activity of any kind shall be made, begun, or prosecuted until such notice has been mailed to them.

58.     Plaintiffs have never been convicted of a federal crime, the first element necessary in a "forfeiture" seizure.

59.     Forfeiture laws are intended to punish the defendant **found guilty** of a crime, to reduce profits from – and thereby deter criminal activity.

60.     In this instance, federal agents have violated Plaintiffs' 8th Amendment rights.

61.     By seizing Plaintiffs' property federal agents have inflicted cruel and unusual punishment even before any criminal activity was hinted at.   *Austin v. United States*, 509 U.S. 602 (1993)

62.     It is not a crime to earn and keep any amount of money, as long as it was earned lawfully.

63.     It is a crime for federal agents to act as though the accumulation of money or property belongs to them.


## REQUEST FOR RELIEF

WHEREFORE, Claude C. Haby and Linda E. Haby request this Court to grant the following relief:

1.     A temporary restraining order issue immediately, barring federal agents from selling the current property illegally seized from the Hagys.

2.     A permanent injunction against defendants upon the filing of this suit and notice to the defendants;

3.     Return of all property seized without warrant and without a judicial order within 30 days of the filing of this complaint;

4.     Return all funds taken from any and all accounts;

5.     Costs of court and reasonable attorney's fees.

7.     Any other awards which the court deems appropriate.

Claude C. Haby
c/o P. O. BOX 413
Leakey, Texas [78873]
(830) 965-6438

Linda E. Haby

## DECLARATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 25, 2018

Claude C. Haby

EXHIBIT 1

Form **668-A(ICS)**
(January 2002)

Department of the Treasury – Internal Revenue Service
**Notice of Levy**

DATE: 04/09/2015

REPLY TO: **Internal Revenue Service**
**ANUBHAV BAGGA**
**8701 S GESSNER  STOP5434-HAL**
**HOUSTON, TX 77074-2944**

TELEPHONE NUMBER
OF IRS OFFICE: **(281)721-7707**

NAME AND ADDRESS OF TAXPAYER:
**CLAUDE C & LINDA E HABY**
**PO BOX 413**
**LEAKEY, TX 78873-0413135**

TO:   **GUADALUPE NAT BK**
**1309 BANDERA HWY**
**KERRVILLE, TX 78028**

IDENTIFYING NUMBER(S): ▬▬▬▬▬▬▬

**1 possible account#** ▬▬▬▬▬

**HABY**

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2006 | $87,531.90 | $17,760.27 | $105,292.17 |
| 1040 | 12/31/2007 | $22,796.78 | $4,873.51 | $27,670.29 |

| | | |
|---|---|---|
| This levy won't attach funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other Retirement Plans in your possession or control, unless it is signed in the block to the right. ══════════ ⟹ | **Total Amount Due** | **$132,962.46** |

We figured the interest and late payment penalty to **05/09/2015**

Although we have told you to pay the amount you owe, it is still not paid.  This is your copy of a notice of levy we have sent to collect this unpaid amount.  We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us.  They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please bring a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money.  Make checks and money orders payable to United States Treasury.  If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy.  You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us.  If you write to us, please include your telephone number and the best time to call.  "Visit www.irs.gov to determine the closest IRS office that furnishes cash payment processing service.

| Signature of Service Representative | Title |
|---|---|
| **/S/ ANUBHAV BAGGA** | **REVENUE OFFICER** |

Part 2 –     For Taxpayer

Form **668-A(ICS)** (1-2015)

| Form 668-A(ICS) | Department of the Treasury – Internal Revenue Service |
| (January 2002) | **Notice of Levy** |

DATE: **11/07/2016**

REPLY TO:  **Internal Revenue Service**
      **MICHAEL RODRIGUEZ**
      **8700 TESORO DR. SUITE 201**
      **MC 5434SANC**
      **SAN ANTONIO, TX 78217-6207**

TELEPHONE NUMBER
OF IRS OFFICE:  **(210)841-2448**

NAME AND ADDRESS OF TAXPAYER:
**CLAUDE C & LINDA E HABY**
**PO BOX 413**
**LEAKEY, TX 78873-0413135**

TO:   **FIRST STATE BANK OF UVALDE**
      **ATTN: ACCOUNT SERVICES**
      **PO BOX 1980**
      **UVALDE, TX 78802**

IDENTIFYING NUMBER(S): ▮▮▮▮▮▮▮▮

**HABY** ▮▮▮▮▮▮▮

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2006 | $91,336.58 | $447.65 | $91,784.2 |
| 1040 | 12/31/2007 | $29,034.27 | $139.95 | $29,174.2 |

| This levy won't attach funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other Retirement Plans in your possession or control, unless it is signed in the block to the right. ===========⇒ | | | Total Amount Due | $120,958.4 |
|---|---|---|---|---|

We figured the interest and late payment penalty to  **12/07/2016**

Although we have told you to pay the amount you owe, it is still not paid.  This is your copy of a notice of levy we have sent to collect this unpaid amount.  We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us.  They must include the interest you earn during that time.  Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.

If you decide to pay the amount you owe now, please bring a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money.  Make checks and money orders payable to United States Treasury.  If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy.  You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us.  If you write to us, please include your telephone number and the best time to call.  *Visit www.irs.gov to determine the closest IRS office that furnishes cash payment processing service.

| Signature of Service Representative | Title |
|---|---|
| **/S/ MICHAEL RODRIGUEZ** | **REVENUE OFFICER** |

Part 2 –   For Taxpayer

Form 668-A(ICS) (1-2015)

Form 668-A(ICS)
(January 2002)

**Department of the Treasury – Internal Revenue Service**

## Notice of Levy

DATE: 10/21/2016

REPLY TO:  **Internal Revenue Service**
**MICHAEL RODRIGUEZ**
**8700 TESORO DR. SUITE 201**
**MC 5434SANC**
**SAN ANTONIO, TX 78217-6207**

TELEPHONE NUMBER
OF IRS OFFICE:  **(210)841-2448**

NAME AND ADDRESS OF TAXPAYER:

**CLAUDE C & LINDA E HABY**
**PO BOX 413**
**LEAKEY, TX 78873-0413135**

TO:  **FIRST STATE BANK OF UVALDE**
**ATTN: ACCOUNT SERVICES**
**PO BOX 1980**
**UVALDE, TX 78802**

IDENTIFYING NUMBER(S):  ███████

**HABY**  ███████

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2006 | $92,873.67 | $274.44 | $93,148.11 |
| 1040 | 12/31/2007 | $29,034.27 | $85.80 | $29,120.07 |
| CIVPEN | 12/31/2008 | $11,557.48 | $34.15 | $11,591.63 |

| This levy won't attach funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other Retirement Plans in your possession or control, unless it is signed in the block to the right. ==================⇒ | Total Amount Due | $133,859.81 |
|---|---|---|

We figured the interest and late payment penalty to   **11/20/2016**

Although we have told you to pay the amount you owe, it is still not paid.  This is your copy of a notice of levy we have sent to collect this unpaid amount.  We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us.  They must include the interest you earn during that time.  Anyone else we send a levy to must turn over your money, property, credits, etc. that they have *(or are already obligated for)* when they would have paid you.

If you decide to pay the amount you owe now, please bring a guaranteed payment *(cash, cashier's check, certified check, or money order")* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money.  Make checks and money orders payable to United States Treasury.  If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy.  You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us.  If you write to us, please include your telephone number and the best time to call.  "Visit www.irs.gov to determine the closest IRS office that furnishes cash payment processing service.

| Signature of Service Representative | Title |
|---|---|
| **/S/ MICHAEL RODRIGUEZ** | **REVENUE OFFICER** |

Part 2 –     For Taxpayer

Form 668-A(ICS) (1-2015)

Form 668-A(ICS)
(January 2002)

Department of the Treasury – Internal Revenue Service

**Notice of Levy**

DATE: 09/20/2016

REPLY TO: **Internal Revenue Service**
**MICHAEL RODRIGUEZ**
**8700 TESORO DR. SUITE 201**
**MC 5434SANC**
**SAN ANTONIO, TX 78217-6207**

TELEPHONE NUMBER
OF IRS OFFICE: **(210)841-2446**

NAME AND ADDRESS OF TAXPAYER:
**CLAUDE C & LINDA E HABY**
**PO BOX 413**
**LEAKEY, TX 78873-0413**

TO: **FIRST STATE BANK OF UVALDE**
**ATTN: ACCOUNT SERVICES**
**PO BOX 1980**
**UVALDE, TX 78802**

IDENTIFYING NUMBER(S): ▓▓▓▓▓▓▓▓

**HABY** ▓▓▓▓▓▓▓

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2006 | $89,634.06 | $3,199.02 | $92,833.08 |
| 1040 | 12/31/2007 | $28,022.05 | $999.53 | $29,021.58 |

| | | |
|---|---|---|
| This levy won't attach funds in IRAs, Self-Employed Individuals' Retirement Plans, or any other Retirement Plans in your possession or control, unless it is signed in the block to the right. ════════════ ⇒ | Total Amount Due | $121,854.66 |

We figured the interest and late payment penalty to __10/20/2016__

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we don't get enough with this one.

Banks, credit unions, savings and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.

If you decide to pay the amount you owe now, please **bring** a guaranteed payment *(cash, cashier's check, certified check, or money order)* to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. Make checks and money orders payable to **United States Treasury**. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call. *Visit www.irs.gov to determine the closest IRS office that furnishes cash payment processing service.

| Signature of Service Representative | Title |
|---|---|
| **/S/ MICHAEL RODRIGUEZ** | **REVENUE OFFICER** |

**Part 2 –** For Taxpayer

Form **668-A(ICS)** (1-2015)

EXHIBIT 2

| Form **668-B (ICS)** (Rev. July 2014) | Department of the Treasury - Internal Revenue Service **Levy** |
|---|---|

**Due from:**

CLAUDE C & LINDA E HABY AKA C L HABY
INTERRNTIONAL
PO BOX 413
LEAKEY, TX 78873-0413135

**Originating Internal Revenue Territory Office**

- Gulf States - Kansas City

Taxpayer Identification Number ▓▓▓▓▓▓▓▓

| Kind of Tax | Tax Period Ended | Unpaid Balance Of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| 1040 | 12/31/2006 | $95,299.54 | $4,604.78 | $99,904.32 |
| 1040 | 12/31/2007 | $30,215.19 | $1,463.03 | $31,678.22 |

| Page 1 of 1 | **Total amount due as of** __11/04/2018__ ⇒ | $131,582.54 |
|---|---|---|

☒  Due to IRS tax processing times appeals, or tax periods in dispute, the amount above does not reflect all taxes that may be due at this time. For a total balance due, please contact the undersigned Revenue Officer at  (281) 721-7466 .

The amounts shown above are now due, owing, and unpaid to the United States from the above taxpayer for internal revenue taxes. Notice and demand have been made for payment.  Chapter 64 of the Internal Revenue Code provides a lien for the above tax and statutory additions. Section 6331 of the Code authorizes collection of taxes by levy on all property or rights to property of a taxpayer, except property that is exempt under section 6334.

Therefore, under the provisions of Code section 6331, so much of the property or rights to property, either real or personal, as may be necessary to pay the unpaid balance of assessment shown, with additions provided by law, including fees, costs, and expenses of this levy, are levied on to pay the taxes and additions

10 30 18
*(Date of seizure)*

| Signature of Revenue Officer CHRISTOPHER FLETCHER | Digitally signed by Christopher J. Fletcher Date: 2018.10.05 09:14:37 -05'00' | Telephone number (281) 721-7466 | Date |
|---|---|---|---|

<table>
<tr><td rowspan="3">Concurrence</td><td>Printed name of Group Manager<br>JAMES ASHTON</td><td>Signature  James T. Ashton <span>Digitally signed by James T. Ashton Date: 2018.10.29 17:38:17 -05'00'</span></td><td>Date</td></tr>
<tr><td>Printed name of Territory Manager</td><td>Signature</td><td>Date</td></tr>
<tr><td>Printed name of Area Director, if required</td><td>Signature</td><td>Date</td></tr>
</table>

**Part 3 – To be given to the taxpayer**        Catalog No. 36960H        Form **668-B (ICS)** (Rev. 7-2014)

Department of the Treasury
Internal Revenue Service
Form 2433 (Rev. Nov. 2014)

# Notice of Seizure





**Name and address of owner** *(real estate)* **or party in possession** *(personal property)*

C L HABY INTERNATIONAL
Po Box 413
Leakey, TX 78873

Under the authority in section 6331 of the Internal Revenue Code, and by virtue of a levy from the Area Director of Internal Revenue of the area shown below, I have seized the property below for nonpayment of past due internal revenue taxes.

| Due from | Name | CLAUDE C & LINDA E HABY AKA C L HABY INT | Amount Due from Form 668B | Internal Revenue Area and Territory |
|---|---|---|---|---|
| | Address | Po Box 413<br>Leakey, TX 78873 | $          131,582.54 | Gulf States/Kansas City |

### Description of property

Right title and interest to 380.795 acres of unimproved real property described in the deed located in Vol 730 Page 294 of the Deed Records of Bandera County, Texas.

More commonly known as Property ID Numbers 163244, 163245, 163246, 163247 and 163249 of the Bandera Central Appraisal District and by the addresses 45599 FM 187 Vanderpool, TX and 46943 FM 187 Vanderpool, TX.

Was the taxpayer or representative present during the seizure of the property?  ☐ Yes  ☒ No
If no, the reason the taxpayer was not present:
☒ Unavailable   ☐ Declined   ☒ Other (explain)   TP physical location unknown.

| Signature of Revenue Officer making seizure | Address | Date |
|---|---|---|
| | 8701 S Gessner Houston TX 77074 | 10/30/2018 |

| Signature of accompanying employee | Address | Date |
|---|---|---|
| | 8700 Tesoro Dr San Antonio, TX 78217 | 10/30/2018 |

Part 1—Taxpayer Copy          Cat. No. 21680C     www.irs.gov          Form **2433** (Rev. 11-2014)

EXHIBIT 3

DOC  00228290

## UNITED STATES TAX COURT
### WASHINGTON, DC 20217

CLAUDE C. HABY,                          )
                                         )
      Petitioner,                     )
                                         )
v.                                       ) Docket No.  19180-17.
                                         )
COMMISSIONER OF INTERNAL REVENUE,        )
                                         )
      Respondent                      )
                                         )
                                         )
                                         )
                                         )
                                         )

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

On November 6, 2017, respondent filed in the above-docketed case a Motion to Dismiss for Lack of Jurisdiction, on the grounds:  (1) That the petition was not filed within the time prescribed by section 6213(a) or 7502 of the Internal Revenue Code (I.R.C.) with respect to deficiencies for taxable years 2006, 2007, and 2008; and (2) no notice of determination under section 6320 or 6330, I.R.C., to form the basis for a petition to this Court had been sent to petitioner with respect to taxable years 2001 through 2016, nor had respondent made any other determination with respect to petitioner's such tax years that would confer jurisdiction on the Court as of the time the petition herein was filed.   Although the Court directed petitioner to file an objection, if any, to respondent's motion to dismiss, petitioner has failed to do so.

Upon due consideration, it is

ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction is granted, and this case is dismissed for lack of jurisdiction.

*L. Paige Marvel*

L. Paige Marvel
Chief Judge

ENTERED:    **DEC 19 2017**

CERTIFIED TRUE COPY
STEPHANIE A. SERVOSS, CLERK

BY: _____
        DEPUTY CLERK

**SERVED Dec 19 2017**

US TAX COURT
RECEIVED

NOV 6 2017
12:19 PM

PA



US TAX COURT
eFILED

NOV 6 2017

CLAUDE C. HABY,

          Petitioner,

ELECTRONICALLY FILED

     v.

Docket No.   19180-17

COMMISSIONER OF INTERNAL REVENUE,

          Respondent

# RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

CERTIFICATE OF SERVICE

CERTIFIED TRUE COPY
STEPHANIE A. SERVOSS, CLERK

BY: _____
DEPUTY CLERK

## UNITED STATES TAX COURT

CLAUDE C. HABY,                           )
                                          )
                        Petitioner,       )
                                          )
                    v.                    )   Docket No.   19180-17
                                          )
COMMISSIONER OF INTERNAL REVENUE,         )
                                          )
                        Respondent.       )

## MOTION TO DISMISS FOR LACK OF JURISDICTION

RESPONDENT MOVES that this case be dismissed for lack of jurisdiction upon the ground that the petition was not filed within the time prescribed by I.R.C. § 6213(a) or § 7502.

IN SUPPORT THEREOF, Respondent respectfully states:

1.   Petitioner states in his petition that he never received either a notice of deficiency or a notice of determination concerning collection action.

2.   Petitioner references an existing income tax liability but did not attach to his petition a copy of either a notice of deficiency or a notice of determination concerning collection action.

3.   Respondent has searched his records and determined that a notice of deficiency was issued to petitioner and his wife on September 20, 2011 for the tax years 2006, 2007, and 2008.  A copy of this notice of deficiency is attached as Exhibit A.

4.   Respondent has diligently searched his records and

Docket No. 19180-17          - 2 -

contacted I.R.S. personnel in an attempt to determine whether any notices of determination have been issued to petitioner. Based on this diligent search, and based on a review of respondent's records kept in the ordinary course of business when respondent issues and mails a notice of determination to a specific taxpayer, there is no record, information, or other evidence indicating that a notice of determination under by I.R.C. § 6320 or 6330 has been mailed to petitioner.

5. Accordingly, respondent has determined, based upon the foregoing, that no notice of determination sufficient to confer jurisdiction on the Court under I.R.C. §§ 6320 and 6330 has been sent to petitioner.

6. Respondent has further determined based upon the above-described diligent search that, other than the notice of deficiency listed above, no determination has been made by respondent that would confer jurisdiction upon this Court.

7. The notice of deficiency listed above was mailed to the same address from which petitioner filed his petition in this case.

8. The notice of deficiency for tax years 2006, 2007, and 2008, dated September 20, 2011, was sent to petitioner's last known address, the address shown in the notice of deficiency, by certified mail on September 20, 2011, as shown by the postmark

Docket No. 19180-17          - 3 -

date stamped on USPS Form 3877, a copy of which is attached

hereto as Exhibit B.

9.   The USPS Form 3877 specifies that the mailing was a

notice of deficiency for tax years 2006, 2007, and 2008.

10. The 90-day period for timely filing a petition with

this Court from the notice of deficiency for tax years 2006,

2007, and 2008 expired on December 19, 2011, which date was not

a Saturday, a Sunday, or a legal holiday in the District of

Columbia.

11. The petition was filed with the Tax Court on September

11, 2017, which date is 2,183 days after the mailing of the

notice of deficiency for tax years 2006, 2007, and 2008.

12. The copy of the petition served upon Respondent bears a

notation that the date of the U.S. Postmark stamped on the cover

in which the petition was mailed to the Tax Court is September

5, 2017, which is 2,177 days after the mailing of the notice of

deficiency for tax years 2006, 2007, and 2008.

13. The petition was not filed with the Court within the

time prescribed by I.R.C. § 6213(a) or § 7502.

14. Counsel for respondent called petitioner at the number

listed on his petition in order to request his view on whether

this motion should be granted.  Petitioner's wife stated that

petitioner is not available during business hours.

Docket No. 19180-17          - 4 -

15. Counsel for respondent cannot state whether petitioner objects to the granting of this motion.

WHEREFORE, it is prayed that this motion be granted.

WILLIAM M. PAUL
Acting Chief Counsel
Internal Revenue Service

Date:___NOV 0 6 2017___          By:_____
                                    JEFFREY D. HEIDERSCHEIT
                                    Attorney
                                    (Small Business/Self-Employed)
                                    Tax Court Bar No. HJ1538
                                    300 E. 8th Street
                                    Suite 601
                                    Mail Stop 2000AUS
                                    Austin, TX 78701
                                    Telephone: (512) 499-5763

OF COUNSEL:
BRUCE K. MENEELY
Division Counsel
(Small Business/Self-Employed)
ABBEY B. GARBER
Area Counsel
(Small Business/Self-Employed:Area 6)
BROCK E. WHALEN
Associate Area Counsel
(Small Business/Self-Employed)

DOC 00228288    VOL 1127  PG  430

Docket No. 19180-17

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MOTION TO
DISMISS FOR LACK OF JURISDICTION was served on petitioner by
mailing the same on _____**NOV 0 6 2017**_____ in a postage paid
wrapper addressed as follows:

Claude C. Haby
P.O. Box 413
Leakey, TX 78873

Date: _____**NOV 0 6 2017**_____

JEFFREY D. HEIDERSCHEIT
Attorney (Austin, Group 2)
(Small Business/Self-Employed)
Tax Court Bar No. HJ1538

## Hand Delivered To:
Claude C Haby

Filed for Record in:
Bandera County

On: Nov 07,2018 at 12:59P

As a
Recording

Document Number:        00228288

Amount                   46.00

Receipt Number - 140372
By,
Elizabeth Morgan

STATE OF TEXAS
COUNTY OF BANDERA

I hereby certify that this
instrument was filed on the date and
time stamped hereon by me and was
duly recorded in the volume and
page of the official records of:
Bandera County

as stamped hereon by me.

Nov 07,2018

Candy Wheeler, County Clerk
Bandera County

Any provision herein which restricts
the sale, rental or use of the
described real property because
of color or race is invalid and
unenforceable under federal law.

DOC 00228291   VOL 1127   PG 439

# UNITED STATES TAX COURT
## WASHINGTON, DC 20217

LINDA E. HABY,            )
                             )
        Petitioner,       )
                             )
        v.              )  Docket No. 19189-17.
                             )
COMMISSIONER OF INTERNAL REVENUE,  )
                             )
        Respondent       )

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

On November 6, 2017, respondent filed a Motion To Dismiss for Lack of Jurisdiction on the ground that no notice of deficiency or notice of determination was issued to petitioner for the taxable years 2000, 2001, 2002, 2003, 2004, 2005; 2009, 2010, 2011, 2012, 2013, 2014, 2015, and 2016 that would permit petitioner to invoke the Court's jurisdiction and that the petition filed to commence this case was not filed within the time prescribed by the Internal Revenue Code with respect to taxable years 2006, 2007, and 2008. Although the Court directed petitioner to file an objection, if any, to respondent's motion to dismiss, petitioner failed to do so.

Upon due consideration, it is

ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction is granted, and this case is dismissed for lack of jurisdiction.

*L. Paige Marvel*

L. Paige Marvel
Chief Judge

ENTERED:   **DEC 28 2017**

CERTIFIED TRUE COPY
STEPHANIE A. SERVOSS, CLERK

BY: _____
DEPUTY CLERK

**SERVED Dec 28 2017**

**US TAX COURT
RECEIVED**

**NOV 6 2017
12:10 PM**

SYM



**US TAX COURT
eFILED**

**NOV 6 2017**

LINDA E. HABY,

        Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent

ELECTRONICALLY FILED

Docket No.   19189-17

# RESPONDENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

CERTIFICATE OF SERVICE

CERTIFIED TRUE COPY
STEPHANIE A. SERVOSS, CLERK

BY:

DEPUTY CLERK

**UNITED STATES TAX COURT**

LINDA E. HABY,                          )
                                        )
                        Petitioner,     )
                                        )
                        v.              )   Docket No.   19189-17
                                        )
COMMISSIONER OF INTERNAL REVENUE,       )
                                        )
                        Respondent.     )

## MOTION TO DISMISS FOR LACK OF JURISDICTION

RESPONDENT MOVES that this case be dismissed for lack of jurisdiction upon the ground that the petition was not filed within the time prescribed by I.R.C. § 6213(a) or § 7502.

IN SUPPORT THEREOF, Respondent respectfully states:

1.   Petitioner states in her petition that she never received either a notice of deficiency or a notice of determination concerning collection action.

2.   Petitioner references an existing income tax liability but did not attach to her petition a copy of either a notice of deficiency or a notice of determination concerning collection action.

3.   Respondent has searched his records and determined that a notice of deficiency was issued to petitioner and her husband on September 20, 2011 for the tax years 2006, 2007, and 2008.  A copy of this notice of deficiency is attached as Exhibit A.

4.   Respondent has diligently searched his records and

Docket No. 19189-17          - 2 -

contacted I.R.S. personnel in an attempt to determine whether

any notices of determination have been issued to petitioner.

Based on this diligent search, and based on a review of

respondent's records kept in the ordinary course of business

when respondent issues and mails a notice of determination to a

specific taxpayer, there is no record, information, or other

evidence indicating that a notice of determination under by

I.R.C. § 6320 or 6330 has been mailed to petitioner.

    5.   Accordingly, ~~respondent has determined,~~ based upon the

foregoing, ~~that no notice of determination sufficient to confer~~

~~jurisdiction~~ on the Court under I.R.C. §§ 6320 and 6330 has been

sent to petitioner.

    6.   Respondent has further determined based upon the above-

described diligent search that, other than the notice of

deficiency listed above, ~~no determination has been made by~~

~~respondent that would confer jurisdiction~~ upon this Court.

    7.   The notice of deficiency listed above was mailed to the

same address from which petitioner filed her petition in this

case.

    8.   The notice of deficiency for tax years 2006, 2007, and

2008, dated September 20, 2011, was sent to petitioner's last

known address, the address shown in the notice of deficiency, by

certified mail on September 20, 2011, as shown by the postmark

Docket No. 19189-17          - 3 -

date stamped on USPS Form 3877, a copy of which is attached hereto as Exhibit B.

9.   The USPS Form 3877 specifies that the mailing was a notice of deficiency for tax years 2006, 2007, and 2008.

10. The 90-day period for timely filing a petition with this Court from the notice of deficiency for tax years 2006, 2007, and 2008 expired on December 19, 2011, which date was not a Saturday, a Sunday, or a legal holiday in the District of Columbia.

11. The petition was filed with the Tax Court on September 11, 2017, which date is 2,183 days after the mailing of the notice of deficiency for tax years 2006, 2007, and 2008.

12. The copy of the petition served upon Respondent bears a notation that the date of the U.S. Postmark stamped on the cover in which the petition was mailed to the Tax Court is September 5, 2017, which is 2,177 days after the mailing of the notice of deficiency for tax years 2006, 2007, and 2008.

13. The petition was not filed with the Court within the time prescribed by I.R.C. § 6213(a) or § 7502.

14. Petitioner objects to the granting of this motion.

Docket No. 19189-17          - 4 -

WHEREFORE, it is prayed that this motion be granted.

                              WILLIAM M. PAUL
                              Acting Chief Counsel
                              Internal Revenue Service


Date:___NOV 0 6 2017___      By:_____

                              JEFFREY D. HEIDERSCHEIT
                              Attorney
                              (Small Business/Self-Employed)
                              Tax Court Bar No. HJ1538
                              300 E. 8th Street
                              Suite 601
                              Mail Stop 2000AUS
                              Austin, TX 78701
                              Telephone: (512) 499-5763

OF COUNSEL:
BRUCE K. MENEELY
Division Counsel
(Small Business/Self-Employed)
ABBEY B. GARBER
Area Counsel
(Small Business/Self-Employed:Area 6)
BROCK E. WHALEN
Associate Area Counsel
(Small Business/Self-Employed)

DOC 00228289   VOL 1127   PG  436

Docket No. 19189-17

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MOTION TO
DISMISS FOR LACK OF JURISDICTION was served on petitioner by
mailing the same on _____**NOV 0 6 2017**_____ in a postage paid
wrapper addressed as follows:

Linda E. Haby
P.O. Box 413
Leakey, TX 78873

Date: _____**NOV 0 6 2017**_____

JEFFREY D. HEIDERSCHEIT
Attorney (Austin, Group 2)
(Small Business/Self-Employed)
Tax Court Bar No. HJ1538

**Hand Delivered To:**
Claude C. Haby

Any provision herein which restricts
the sale rental or use of the
described real property because
of color or race is invalid and
unenforceable under Federal Law.

STATE OF TEXAS
COUNTY OF BANDERA
I hereby certify that this
instrument was filed on the date and
time stamped hereon by me and was
duly recorded in the volume and
and page of the official records of:
Bandera County
as stamped hereon by me.

Nov 07,2018

Candy Wheeler, County Clerk
Bandera County

Filed for Record in:
Bandera County
On: Nov 07,2018 at 12:50P

As a
Recording
Document Number:     00228289

Amount          46.00

Receipt Number - 140372
By
Elizabeth Morgan